UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVIN L. SANDERS, ) | Case No. 3:10CV1883 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| ED SHELDON[1], Warden, ) | |
| ) | |
| Respondent. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |

On August 25, 2010, Petitioner Marvin L. Sanders ("Petitioner"), acting *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his trial in the Allen County, Ohio Court of Common Pleas, where he was convicted of one count of aggravated robbery in violation of Ohio Revised Code ("ORC") §2911.01(A)(1), one count of aggravated burglary in violation of ORC §2911.01(A)(2), and one count of abduction in violation of ORC §2905.02(A)(2), all with firearms specifications in violation of ORC §2941.145(A), and one count of having a weapon under disability in violation of ORC 2923.13(A)(3). ECF Dkt. #8-1 at 74-77.[2] On December 8, 2010, Respondent Ed Sheldon ("Respondent"), Warden of Toledo Correctional Institution, where Petitioner is incarcerated, filed an answer/return of writ. ECF Dkt. #8. No traverse was filed. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

---

[1]Petitioner is housed at Toledo Correctional Institution, where Ed Sheldon is the warden. *See* http://www.drc.ohio.gov "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Ed Sheldon as respondent.

[2]Page numbers refer to "Page ID" numbers in the electronic filing system.

I.  **SYNOPSIS OF THE FACTS**

The Third District Court of Appeals of Ohio set forth the relevant facts and procedural history of this case on direct appeal. ECF Dkt. #8-1 at 108-145. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> {¶ 2} On September 11, 2008, the Allen County Grand Jury returned an indictment against Sanders charging him with the following four counts: count one, aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1), a felony of the first degree; count two, aggravated burglary with a firearm specification in violation of R.C. 2911.(A)(2), a felony of the first degree; count three, abduction with a firearm specification in violation of R.C. 2905.02(A)(2), a felony of the third degree; and count four, having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. Sanders entered pleas of not guilty to each count.
>
> {¶ 3} On November 3, 2008, Sanders filed two motions to suppress. In his first motion to suppress, Sanders requested to suppress the identification made through a photographic lineup; and in his second motion to suppress, Sanders challenged the statements he had made to a law enforcement officer. A hearing on both motions was held on November 18, 2008, and subsequently, the trial court overruled his motions.
>
> {¶ 4} On November 24, 2008, Sanders filed two motions in limine, one dealing with the use of the photographic lineup as evidence, and the other dealing with the use of Sanders' prior criminal record at trial. On November 25 and 26, 2008, the case proceeded to trial before a jury. Prior to the start of the trial, the trial court ruled on the motions in limine, and ultimately denied Sanders' request to prohibit the use of the photographic lineup as evidence, but conditionally granted his request to prohibit evidence regarding any reference to his prior criminal record for the purpose of establishing a "pattern" of conduct.
>
> {¶ 5} On November 26, 2008, the jury returned verdicts of guilt to all counts as charged in the indictment. A sentencing hearing was held on December 15, 2008, at which time Sanders was sentenced to an aggregate term of twenty-eight (28) years in prison, with three (3) of those years being mandatory for the firearm specifications.

*State v. Sanders*, 2009 WL 3260618 at *1; ECF Dkt.#8-1 at 109-110.

II. **PROCEDURAL HISTORY**

   A.  **State Trial Court**

In its September 2008 Term, the Allen County, Ohio Grand Jury indicted Petitioner for:

> one count of aggravated robbery in violation of ORC §2911.01(A)(1), with a firearm specification under ORC §2945.145;
>
> one count of aggravated burglary in violation of ORC §2911.01(A)(2), with a firearm specification under ORC §2945.145;
>
> one count of abduction in violation of ORC §2905.02, with a firearm specification under ORC §2945.145; and
>
> one count of having a weapon under disability in violation of ORC 2923.13(A)(3).

*Id.* at 45-49.

The case proceeded to trial and the jury returned guilty verdicts on all counts. In an entry dated December 16, 2008, the trial court sentenced Petitioner to ten years in prison on Count one with three years on the firearm specification, and ten years on Count two with three years on the firearm specification, five years on Count three with three years on the firearm specification, and five years on Count four. The sentences in Counts One through Three were imposed consecutively, with the sentence imposed in Count four to be served concurrently with the sentences for Counts one through three. The firearm specifications were merged, and, as a consequence, Petitioner was sentenced to an aggregate term of imprisonment of twenty-eight years. *Id.* at 66.

### B. Direct Appeal

On January 12, 2009, Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals for the Third District. Petitioner raised the following assignments of error in his appellate brief:

> ASSIGNMENT OF ERROR I:
>
> THE TRIAL COURT COMMITTED AN ERROR PREJUDICIAL TO THE DEFENDANT IN OVERRULING THE MOTION TO SUPPRESS THE PHOTOGRAPHIC LINE UP AND IDENTIFICATION OF THE DEFENDANT.
>
> ASSIGNMENT OF ERROR II:
>
> THE COURT COMMITTED ERROR IN NOT GRANTING THE DEFENDANT'S MOTION IN LIMINE AND PROFFERED WAIVER OF THE ELEMENT OF A PRIOR FELONY CONVICTION REQUIRED AS TO COUNT 4, HAVING WEAPONS WHILE UNDER DISABILITY IN VIOLATION OF OHIO REVISED CODE SECTION 2923.13(A)(3) WHEN ALSO COMBINED WITH AN ERROR IN JURY INSTRUCTIONS.

>
> ### ASSIGNMENT OF ERROR III:
>
> DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL IN THIS CASE BY COUNSEL FAILING TO STIPULATE AS TO DEFENDANT'S PRIOR CONVICTION.
>
> ### ASSIGNMENT OF ERROR IV:
>
> THE DEFENDANT'S CONVICTION SHOULD BE OVERTURNED DUE TO MISCONDUCT ON BEHALF OF THE PROSECUTOR.

*Id.* at 82.

On October 13, 2009, the Third District Court of Appeals affirmed the trial court's judgment of conviction and sentence. *Id.* at 108-145.

### C. Supreme Court of Ohio

Petitioner did not file a timely appeal to the Supreme Court of Ohio. On February 22, 2010, Petitioner, acting *pro se*, filed a notice of appeal and a motion for leave seeking a delayed appeal to the Supreme Court of Ohio. *Id.* at 146. On April 14, 2010, the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal. *Id.* at 197.

## III. 28 U.S.C. § 2254 PETITION

On June 4, 2010, Petitioner, through counsel, filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> GROUND ONE:
>
> > THE TRIAL COURT COMMITTED AN ERROR PREJUDICIAL TO THE DEFENDANT IN OVER-RULING THE MOTION TO SUPPRESS THE PHOTOGRAPHIC LINE-UP & IDENTIFICATION OF THE DEFENDANT.
>
> GROUND TWO:
>
> > THE COURT COMMITTED ERROR IN NOT GRANTING THE DEFENDANT'S MOTION IN LIMINE & PROFERED WAIVER OF A PRIOR FELONY CONVICTION REQUIRED AS TO COUNT 4 HAVING WEAPONS WHILE UNDER A DISABILITY IN VIOLATION OF OHIO REVISED CODE SECTION RC 2923.13(A)(3) WHEN ALSO COMBINED WITH AN ERROR IN JURY INSTRUCTIONS.

>    GROUND THREE:
>
>    > DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL IN THE CASE BY COUNSEL FAILING TO STIPULATE AS TO DEFENDANT'S PRIOR CONVICTION.
>
>    GROUND FOUR:
>
>    > THE DEFENDANT'S CONVICTION SHOULD BE OVERTURNED DUE TO MISCONDUCT ON BEHALF OF THE PROSECUTOR.
>
>    GROUND FIVE:
>
>    > THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #1. On December 8, 2010, Respondent filed an answer/return of writ. ECF Dkt. #8.

## IV. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

>   (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a

-8-

legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
>
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## V. STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 5, 2010, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

-9-

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

    A.    Decisions of lower federal courts may not be considered.

    B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

    C.    The state court decision may be overturned only if:

        1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

        2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

        3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

        4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent

      must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

  E.  Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

  Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

    (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, 672,676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI. ANALYSIS

###   A. Motion for Delayed Appeal in the Supreme Court of Ohio

####     1. Procedural Default - *Maupin* Factors 1-3

  Respondent asserts that the instant petition is procedurally defaulted because Petitioner failed to present a timely appeal to the Supreme Court of Ohio and that the court denied his motion for delayed appeal. In order to determine whether procedural default bars the instant petition, the undersigned must apply the four-pronged *Maupin* test. The undersigned recommends that the Court

-11-

find that the first prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court. Rule II, Section 2(A)(1)(a) of the Rules of Practice for the Ohio Supreme Court requires a party to file a notice of appeal with the Ohio Supreme Court within forty-five days of the entry of judgment from which he is appealing. Ohio S.Ct. Prac. R. II, § 2(A)(1)(a). There is no indication in the record that Petitioner filed such a notice. Therefore, he has failed to comply with a procedural rule.

The second *Maupin* factor is satisfied because the Ohio Supreme Court did indeed enforce the procedural bar by denying Petitioner's motion for a delayed appeal.

The third factor is also met because the Supreme Court's denial of Petitioner's motion for a delayed appeal constitutes a procedural ruling that bars federal review of the merits of the petition. "By its very nature, a denial of a motion for leave to file a delayed appeal is a denial solely on procedural grounds even if the court does not expressly cite the procedural bar in its denial. Second, courts have held that a denial of a request for a delayed appeal is a procedural default without merits review." *Barkley v. Konteh*, 240 F.Supp.2d 708, 712 (N.D. Ohio 2002)(citations omitted); see also *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004). Accordingly, the denial of Petitioner's motion for delayed appeal is an adequate and independent ground to foreclose review of the merits of his petition in the federal habeas court. *Id.*

2.  Procedural Default - *Maupin* Factor 4 - Cause and Prejudice

Since prongs one, two and three of *Maupin* are met, the instant petition will be barred unless Petitioner can show cause for his default and prejudice resulting from the constitutional violation.

Petitioner did not file a traverse. However, in his affidavit of reasons for delay, attached to his motion for leave to file delayed appeal, Petitioner asserted that his trial counsel had informed him that he would file the Ohio Supreme Court appeal. ECF Dkt. #8-1 at 154-155. To the contrary, in a letter from Petitioner's trial counsel, also attached to the motion, he writes, "Please note that the Court of Appeals ruled yesterday to uphold your conviction and sentence in this case. I have included an affidavit for you to complete and sign if you wish me to request an appeal with the Supreme Court of Ohio. Please advise." *Id.* at 156. Petitioner does not warrant that the affidavit was completed and signed, or that it was returned in a timely fashion to his trial counsel. Therefore,

-12-

Petitioner has failed to demonstrate cause for failing to file a timely appeal with the Ohio Supreme Court.

Furthermore, in the affidavit of reasons for delay, Petitioner relies upon his incarceration, *pro se* status, and limited access to the prison library to establish cause. Such claims have been squarely addressed and rejected by the Sixth Circuit. See *Bonilla*, 370 F.3d at 498. ("First, Bonilla's *pro se* status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. See *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995). Second, Bonilla's ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. See id. . . . Fourth, the fact that Bonilla's time in the prison law library was limited to four hours per week was insufficient to establish cause to excuse his procedural default. Additionally, Bonilla does not indicate why he required additional time to conduct legal research and how his limited law library time prevented him from filing a timely notice of appeal."). Accordingly, the undersigned recommends that the Court find that Petitioner has not established cause for failing to comply with the state's filing requirements.

Since Petitioner has failed to establish cause, the undersigned recommends that the Court find that it is unnecessary to determine whether he was prejudiced by the Supreme Court of Ohio's decision. See *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

### B. **Extraordinary Circumstances**

Beyond *Maupin*, the Court can still consider the instant petition if the Court determines that it is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986). The Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004), quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quoting *Murray*, 477 U.S. at 496. The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is

more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Even if Petitioner contended that he is actually innocent of the crime for which he was convicted, he has produced no evidence to carry his burden in that respect. Therefore, even a perfunctory claim of actual innocence should fail.

### VII. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition with prejudice.

DATE: March 30, 2012

                              */s/George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).