UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARVIN L. SANDERS,** | ) | Case No. 3:10 CV 1883 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ED SHELDON,** | ) | |
| | ) | |
| Respondent. | ) | |

Presently pending before the Court is the Report and Recommendation of Magistrate Judge ("R&R"). (**Doc #: 12**.) The Magistrate Judge recommends that the Court dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Marvin L. Sanders ("Petition"). (**Doc #: 1**.)

Sanders was convicted, following trial by jury, of one count of aggravated robbery in violation of O.R.C. § 2911.01(A)(1), one count of aggravated burglary in violation of O.R.C.§ 2911.01(A)(2), and one count of abduction in violation of O.R.C. § 2905.02(A)(2) – all with firearms specifications in violation of O.R.C. § 2941.145(A). He was also convicted of one count of having a weapon under a disability in violation of O.R.C. § 2923.13(A)(3). Sanders seeks relief for alleged constitutional violations that occurred during his trial in the Allen County, Ohio, Court of Common Pleas.

In the R&R, the Magistrate Judge concludes that the grounds for relief in the Petition are procedurally defaulted because Sanders failed to present a timely appeal to the Supreme Court of Ohio, which court denied his motion for delayed appeal. The Magistrate Judge finds that Sanders has failed to show cause for that procedural default or prejudice arising therefrom, and that he has failed to demonstrate extraordinary circumstances warranting habeas relief in any event. Accordingly, the Magistrate Judge recommends that the Court dismiss the Petition in its entirety.

Under the relevant statute:

> Within *fourteen* days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (emphasis added). The R&R was issued, and a copy was mailed to Sanders, on March 30, 2012. It is now April 30, 2012, and Sanders has neither filed objections to the R&R nor a request for an extension of time to do so.

The failure to timely file written objections to a Magistrate Judge's R&R constitutes a waiver of the right to obtain *de novo* review of the R&R in the district court. Id.; *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). The failure to file written objections also results in a waiver of the right to appeal. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

The Court has reviewed the Magistrate Judge's thorough and well-written R&R. The Court agrees that Sanders' claims are procedurally defaulted, and that he has failed to show cause excusing the default, prejudice arising therefrom, or extraordinary circumstances justifying

habeas relief. Accordingly, the Court **ADOPTS** the R&R (**Doc. # 12**) and **DISMISSES** the Petition (**Doc. # 1**).

  **IT IS SO ORDERED.**

               /s/ **Dan A. Polster**   **May 2, 2012**
               **Dan Aaron Polster**
               **United States District Judge**